UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA PATRICK, *Pro Se,*

    Plaintiff,

v.                                      Case No: 8:24-cv-00999-MSS-NHA

LISA MCGUIRE,
SGT. SHIREMAN DCPD, and
CAPT. ROWE DCPD,

    Defendants.
_____/

**PLANTIFF'S RESPONSE TO DEFENDANT MCGUIRE'S
MOTION TO DISMISS AND MEMORANDUM OF LAW.**

Plantiff Lana Patrick by and through herself, acting in a pro se capacity hereby respectfully asks the court to deny defendant McGuire's motion to dismiss.

In support thereof, state as follows:

1. For far to long violations like this have occured, its reached such a point that it seems like standard operating procedure. I not only stated a claim, I provided video evidence so no fact could be in dispute.

2. The law is very clear on the issues in this case as I will lay them out below. The rights are all well established and should be widely known. For that reason, this motion should be denied. This motion, almost identical to the other defendants will be addressed the same way.

### A. Qualified Immunity Framework

This defendant is not due qualified immunity, first and foremost because the immunity defense was based upon an incomplete statute. Restoring the not withstanding clause and no common law immunity should render qualified immunity void. However addressing it here today it is easy to see the defendant violated my right to gather information/ right to free press. It is a clearly established right at the time as evidenced by Justice Cooleys General principals of consitutional law.

> *But in a constitutional point of view its chief importance is, that it enables*
> *the citizen to bring any person in authority, any public*
> *corporation or agency, or even the government in all its*
> *departments, to the bar of public opinion, and to compel*
> *him or them to submit to an examination and criticism of*
> *conduct, measures, and purposes in the face of the world,*
> *with a view to the correction or prevention of evils ; and*
> *also to subject those who seek public positions to a like*
> *scrutiny for a like purpose.*

The federal government creates regulations adhereing to the basic principals of equal access to the press and public. Evidenced here by USPS regulations 39 CFR 232.1, GSA regulation 41 CFR 102-74.420 and VA regulation 38 CFR 1.218(10).

The right to record public employees in the course of their duties relating to matters of public interest encompesses more then them walking from their car into the building.

B. COUNT I

The defense is under the impression that no investigation is in order when a public employee calls them to trespass someone. I think we all should know better, government property is property owned by the people (as an entity, not individually) and placed in trust with our elected officials to better serve us. As a constituting member of the body, I absolutely have a liberty interest in public property. While that interest doesnt allow me unfettered access It does allow me equal access as Justice White explains.

> *The Constitution does no more than assure the public and the press equal access once government has opened its doors.*
> *Houchins v. KQED, Inc., 438 U.S. 1, 16 (1978)*

That liberty interest provides citizens more protection then say a homeless drug addict in someones home. Agents of government can not trespass someone because they dont like them or because they are obnoxious. In order to lose that liberty interest I would have to break some law or policy backed by law. A no recording in public areas of public buildings policy is not a policy that is backed by law. While the defense tries to muddy it, I am not asking for nor suggesting an unfettered right to record without restriction in the PCTC office. I am simply asking for what the law allows and has allowed for some time, the right to record in public areas where there is no expectation of privacy. The defense fails because this is a clearly established right.

> *There is an undoubted right to gather news "from any source by means within the law," id. at 408 U. S. 681-682*
> *Quoting Houchins v. KQED, Inc., 438 U.S. 1, 11 (1978)*

The policy of no recording in public areas of the building closes off a source of information and thus is not allowed.

> "the First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw."
> First Nat'l Bank v. Bellotti, 435 U.S. 765, 783, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978)

The public forum doctrine is not going to help as I wasn't involved in an expressive act as evidenced by the courts own Spence test, as well as a recent ruling from the DC appeals court.

> We understand these cases as standing for the proposition that it is unreasonable to issue a blanket prohibition against the recording of a public official performing public duties on public property, so long as the recording does not interfere with the performance of the official's duties. "Such peaceful recording of [the performance of a public duty] in a public space . . . is not reasonably subject to limitation." Glik, 655 F.3d at 84. This helps explain why these cases make no effort to determine whether the location of the recording is a public forum: Because prohibiting the recording of a public official performing a public duty on public property is unreasonable, the specific nature of the public property is irrelevant.
> Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022) Page 16

**C. COUNT II**

All actions tied to this incident stem from them denying me my right to free press, they even have an unconstitutional policy that acts as a prior restraint on recording public officials inside public buildings. A trespassing warning is a classic example of a meeting of the mind, as both parties must be in agreement. If an agent/owner doesn't want someone trespassed from their property then no trespass can occur.

**D. COUNT III**

This defendant was not involved in count III of this incident.

**E. COUNT IV**

Defense says I have lost my liberty interest because I exercised my rights. While there may be no liberty interest in the access to government property, there is a liberty interest in the ownership of such property, and thus if you allow in the public, you also allow in the press. This is well established by cases like Pell v. Procunier, 417 U.S. 817,833 (1974),

> *In Branzburg v. Hayes, 408 U. S. 665 (1972), the Court went further and acknowledged that "news gathering is not without its First Amendment protections," id. at 408 U. S. 707, for "without some protection for seeking out the news, freedom of the press could be eviscerated," id. at 408 U. S. 681*

In cases like Pell and Branzburg you understand that the press has no greater right of access then the general public. Where ever the public is allowed, the press is allowed. Clearly my right to gather information on my public officials was violated.

For all the reasons stated above I pray the court denies defendants motion to dismiss so that justice can be done.

Date:

                        Respectfully submitted,

                        Lana Patrick Pro Se
                        9378 Arlington Expy
                        Jacksonville FL 32225
                        904-445-1589
                        thejtownpress@gmail.com

## CERTIFICATE OF SERVICE

I certify that I served the counsel for the defense in the mail at the below listed address.

Frederick T. Reeves, Esq.
Fla. Bar No. 499234
Lead Counsel
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

                                              Lana Patrick Pro Se